UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NEW JERSEY, JOSEPH JAMES
and CARABILLO
PATERFAMILIAS, upon its 1776
Constitution,

      Plaintiffs,

v.                              Case No.:  2:24-cv-257-SPC-KCD

STATE OF FLORIDA,
CHARLOTTE COUNTY JAIL,
JUDICIARY COURTS, THE
STATE OF FLORIDA,
CHARLOTTE COUNTY, FLORIDA
DEPARTMENT OF LAW
ENFORCEMENT, and 15TH
JUDICIAL CIRCUIT,

      Defendants.
_____/

## REPORT & RECOMMENDATION

The Court previously granted Plaintiff's request to proceed *in forma pauperis* as to the 28 U.S.C. § 1915(a) poverty requirement but dismissed his complaint with leave to amend under § 1915(e)(2). (Doc. 16.)[1] Plaintiff has now filed an amended complaint, which he titles "Summary of Claim and Daily Damages." (Doc. 18.) As discussed below, Plaintiff's latest pleading remains

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

deficient. And given the frivolous nature of his claims, it is recommended that the case be dismissed.

A complaint from a plaintiff proceeding *in forma pauperis* that "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief" must be rejected under 28 U.S.C. § 1915(e)(2)(B). A complaint is considered frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Ebron v. Immigration and Customs Enforcement*, No. 3:12-cv-272-J-32JBT, 2014 WL 1364974, at *4 (M.D. Fla. Apr. 7, 2014) ("Actions may be frivolous in their factual allegations or in their legal theories.").

Plaintiff's latest complaint is frivolous on several fronts. To start, the Court does not have jurisdiction. Federal courts have an obligation to determine if subject-matter jurisdiction exists even if a party has not challenged it. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This includes determining whether there is jurisdiction to grant the relief requested. *See Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1284 (11th Cir. 2018).

Jurisdiction of the federal courts is limited by Article III of the United States Constitution and Acts of Congress. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372 (1978); s*ee also* 28 U.S.C. § 1331. According to

Congress, subject-matter jurisdiction can arise because the complaint raises a federal claim or there is diversity. Diversity jurisdiction requires complete diversity of citizenship, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). Plaintiff has not identified a federal statute or specific section of the United States Constitution conferring jurisdiction. And even if the Court were to presume Plaintiff was claiming diversity, all parties appear to be citizens of Florida.

Further, the "complaint" is replete with "the legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement." *See Sealey v. Branch Banking and Trust Co.*, Case No. 2:17cv785-MHT-SMD, 2019 WL 1434065, at *2 (M.D. Ala. Feb. 21, 2019). And the arguments and legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of ... the court's time, which is being paid by hard-earned tax dollars." *See Young v. PNC Bank, N.A.*, No. 3:16cv298/RV/EMT, 2018 WL 1251920, at *2 (N.D. Fla. Mar. 12, 2018) (citing *Roach v. Arrisi*, No. 8:15-cv-2547-T-33AEP, 2016 WL 8943290, at *2 (M.D. Fla. Jan. 7, 2016)).

The Court recognizes that when reviewing pro se pleadings it must liberally construe the allegations. *Kinlaw v. Putnam Cty. Sheriff's Office Det. Ctr.*, No. 3:19-CV-385-J-39JRK, 2019 WL 1676203, at *1 (M.D. Fla. Apr. 17,

3

2019) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011)). But this duty of liberal construction does not require the Court to act as an attorney for the pro se party or obligate the Court to rewrite a deficient pleading. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014). Pro se litigants are also required to conform to the procedural rules. *Tsidhqiyah El v. US Sec'y of State*, No. 6:18-MC-42-ORL-41DCI, 2018 WL 6621371, at *1 (M.D. Fla. Sept. 10, 2018).

Here, Plaintiff fails to conform to the procedural rules and does not offer a viable complaint. Even with the most liberal construction, Plaintiff neither alleges how this Court has jurisdiction nor states a valid cause of action. Though adorned with pseudo-legalese, the complaint is simply nonsensical. And Plaintiff has been afforded the opportunity to amend under § 1915. Because Plaintiff's complaint is fundamentally frivolous and not merely deficient, this action should be dismissed. To proceed otherwise "would result in waste of scarce [public] resources and would only serve as an incentive to further abuses." *McKenna v. Obama*, No. 3:15-CV-335-MCR-CJK, 2016 WL 5213940, at *2 (N.D. Fla. Aug. 19, 2016).

It is thus **RECOMMENDED** that the "complaint" (Doc. 18) be dismissed as frivolous under 28 U.S.C. § 1915(e)(2) and the case closed.

**ENTERED** in Fort Myers, Florida on May 22, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:   All Parties of Record

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.