UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NEW JERSEY, JOSEPH JAMES and CARABILLO PATERFAMILIAS, upon its 1776 Constitution,

    Plaintiffs,

v.                                      Case No.:   2:24-cv-257-SPC-KCD

STATE OF FLORIDA, CHARLOTTE COUNTY JAIL, JUDICIARY COURTS, THE STATE OF FLORIDA, CHARLOTTE COUNTY, FLORIDA DEPARTMENT OF LAW ENFORCEMENT and 15TH JUDICIAL CIRCUIT,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is United States Magistrate Judge Kyle C. Dudek's Report and Recommendation (R&R). (Doc. 19). Judge Dudek recommends dismissing the "Notice" in this case (Doc. 18)—which is actually an Amended Complaint—as frivolous under 28 U.S.C. § 1915(e)(2). Plaintiff Joseph James Carabillo Paterfamilias (Carabillo) has objected to the R&R. (Doc. 20). After a careful and independent review of the parties' papers, record, and applicable law, the Court overrules Carabillo's objections and dismisses the case.

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* And legal conclusions are reviewed de novo even without any objection. *Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

Carabillo does not state any proper objections to specific proposed findings or recommendations. Instead, he files "objections" to reiterate the allegations in his Amended Complaint—namely, that he was unlawfully tried for an offense at a "military tribunal" (which appears to be the Twentieth Judicial Circuit of Florida), that his related detention was tantamount to slavery, and that both the federal judiciary and the State of Florida are illegitimate.

As observed by Judge Dudek, courts must liberally construe pro se filings and hold them to less stringent standards than papers drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But courts cannot act as counsel for plaintiffs or rewrite pleadings. *United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021). And pro se litigants must still comply with procedural rules applicable to ordinary civil litigation. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

Even liberally construing Carabillo's "objections" and reviewing them under a *de novo* standard, they are unconvincing. Judge Dudek's recommendation arises from an *in forma pauperis* screening under 28 U.S.C. § 1915(e)(2)(B) and is based on: (1) the Amended Complaint being factually frivolous and based on sovereign citizen arguments, (2) the Court's lack of jurisdiction, and (3) the Amended Complaint's failure to conform to procedural rules.

In his "objections," Carabillo continues to make sovereign citizen arguments, and he does not argue that he conformed with procedural rules. He also does not argue that his Amended Complaint establishes jurisdiction, except to say that "Plaintiff in this Case has shown Diversity of Citizenship, Denial of Civilian Due Process and Constitutional Guarantees" and "there are several Constitutional Violations such as the Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Amendment [v]iolations." (Doc. 20 at 3, 11).

But Carabillo has not established diversity of citizenship, nor has he presented valid claims. Instead, he brings sovereign citizen claims, which have been firmly established as frivolous. *See, e.g.*, *United States v. Sterling*, 738 F.3d 228 n.1 (11th Cir. 2013) ("The phrases Sterling repeated are often used by so-called 'sovereign citizens,' who believe they are not subject to the jurisdiction of the courts . . . Courts have been confronted repeatedly by their attempts to delay judicial proceedings and have summarily rejected their legal

3

theories as frivolous"); *Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019) (finding frivolous Appellant's argument that "his 1994 Florida conviction is invalid because the state, as a 'corporate entity,' lacked subject matter jurisdiction over him, a 'flesh and blood man'"); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (stating that sovereign citizen theories "should be rejected summarily, however they are presented").

Carabillo has amended his complaint twice already, and yet has still failed to raise valid claims, establish this Court's jurisdiction, or conform to procedural rules. (Doc. 14, Doc. 18). The Court agrees with Judge Dudek's factual and legal analysis of these issues and his conclusion that Carabillo's Amended Complaint (Doc. 18) should be dismissed without leave to amend.

Accordingly, it is now

**ORDERED:**

1. United States Magistrate Judge Kyle C. Dudek's Report and Recommendation (Doc. 19) is **ACCEPTED and ADOPTED** and the findings incorporated herein.

2. Carabillo's "Notice" (Amended Complaint) (Doc. 18) is **DISMISSED with prejudice**.

3. The Clerk is **DIRECTED** to terminate any deadlines and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on June 10, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

5